IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARY B. WILSON,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:05CV44
                                              (Judge Maxwell)

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Motion for Attorney's Fees" filed on December 21 2006 [Docket Entry 24] and Defendant's "Brief in Opposition to Plaintiff's Petition for Attorney's Fees" filed on December 28, 2006 [Docket Entry 25]. This matter was referred to the undersigned United States Magistrate Judge for Report and Recommendation by United States District Judge Robert E. Maxwell on January 22, 2007 [Docket Entry 25].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) <u>the claimant timely filed his petition and an itemized statement within thirty days of the final judgment</u>. 28 U.S.C. § 2412; <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991)(emphasis added).

There is no dispute that the claimant is the prevailing party in this matter. The Commissioner, however, objects to the Plaintiff's fee petition for the following reasons:

(1) The EAJA petition is untimely;

(2) The Commissioner's position was substantially justified;

(3) Special circumstances demonstrate that an award would be unjust; and

(4) Alternatively, the number of hours requested by counsel are unreasonable and should be reduced.

## Timeliness

Defendant first argues that Plaintiff's petition is untimely because it was filed one day late. 28 U.S.C. §§ 2412(d)(1)(B) provides, in pertinent part:

> A party seeking an award of fees and other expenses **shall, within thirty days of final judgment in the action**, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . .

(Emphasis added). "Final judgment" is further defined in 28 U.S.C. 2412(d)(2)(G) as "a judgment that is final and not appealable . . . ." Pursuant to F.R.A.P 4(a), in civil cases where the United States or its officer or agency is a party, the time for appeals does not expire until 60 days after the judgment is entered. Here it is undisputable that the District Court entered judgment in the underlying matter on September 21, 2006. There is also no dispute that a separate judgment was entered by the Clerk that same date. The judgment therefore became final on November 20, 2006, 60 days after the Court's September 21, 2006, Order and the Clerk's entry of Judgment. Plaintiff then had thirty days to file her Motion for Attorney's Fees, or until December 20, 2006. Plaintiff's Motion is dated December 20, 2006, but the Court's docket indicates Plaintiff's counsel filed the Motion at 9:17 a.m. on December 21, 2006, one day late.

In Scarborough v. Principi, the United States Supreme Court held that the time limit for filing an application for attorney's fees is not jurisdictional. 541 U.S. 401 (2004). Instead, it "concerns a mode of relief . . . ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made." Id. As in Principi, the issue in the present case "presents a question of time." In Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) the

United States Supreme Court held that a complaint filed in the District Court was untimely where it was filed more than 30 days after an EEOC notification letter was "received." Plaintiff in that case claimed that his attorney received the letter while he was out of town, and he, himself received the letter about two weeks later. The Supreme Court then found that the fact that the Plaintiff missed the filing deadline did not end the inquiry. While the time limit must be strictly construed as a waiver of sovereign immunity, it may be subject to "equitable tolling." Id. at 95-96. On the other hand, the Court warned that federal courts allowed equitable tolling relief "only sparingly," where, for example, "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). Because the time limits imposed by Congress in a suit against the government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the government than is employed in suits between private litigants. Id.

In Irwin, the Plaintiff urged that "his failure to file in a timely manner should be excused because his lawyer was absent from his office at the time that the EEOC notice was received, and that he thereafter filed within 30 days of the day on which he personally received notice. But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect. Id.

The Court finds, as a matter of record that the Plaintiff's Motion for Attorney's Fees, was filed with the Court on December 21, 2006, one day late.

On September 19, 2007, this Court **ORDERED** Plaintiff, on or before October 5, 2007, to **SHOW CAUSE** in writing why her Motion for Attorney's fees should not be **DISMISSED**. A review of the docket on this matter shows that as of today, December 3, 2007, Plaintiff has failed to respond in any manner to the September 19, 2007, Order. In fact, no document of any type has been served or submitted since the September 19, 2007, Order.

## RECOMMENDATION

I therefore respectfully recommend Plaintiff's "Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412" [Docket Entry 24] be **DENIED**.

**A**ny party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

DATED: December 4, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE